**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| **Horton, Inc.,**<br><br>Plaintiff,<br><br>v.<br><br>**Concepts ETI, Inc.,**<br><br>Defendant. | Civil Action No. _____<br><br>**COMPLAINT FOR<br>PATENT INFRINGEMENT**<br><br>(JURY TRIAL DEMANDED) |

Plaintiff, Horton, Inc. ("Horton"), for its complaint against Defendant, Concepts ETI, Inc. ("Concepts"), alleges as follows:

**THE PARTIES**

1. Plaintiff Horton is a domestic corporation organized under the laws of the state of Minnesota having a principal place of business at 2565 Walnut Street, Roseville, MN 55113.

2. Upon information and belief, Defendant Concepts is a corporation organized under the laws of the state of Vermont having a principal place of business at 217 Billings Farm Road, White River Junction, VT 05001.

3. Upon information and belief, Defendant Concepts has been and is doing business as "Concepts NREC".

- 1 -

**JURISDICTION AND VENUE**

4. This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. §1 *et seq.,* and particularly 35 U.S.C. §271.

5. This court has subject matter jurisdiction under 28 U.S.C. §§1331 and 1338(a).

6. Upon information and belief, defendant Concepts transacts and has transacted business throughout the United States including the State of Minnesota, and has committed tortious acts within the State of Minnesota, causing injury to Horton in the State of Minnesota, thereby establishing sufficient minimum contacts. This Court has personal jurisdiction over Concepts by reason of its presence within the State of Minnesota as well as by reason of committing acts of infringement, inducement to infringe and/or contributory infringement within the State of Minnesota and this judicial district.

7. Venue in the United States District Court for the District of Minnesota is proper pursuant to 28 U.S.C. §§1391(c) and 1400(b) because Concepts is a corporation over which the Court has personal jurisdiction pursuant to the Minnesota Long-Arm Statute, MINN. STAT. §543.19 (2007).

**COUNT I:  INFRINGEMENT OF U.S. PATENT NO. 5,611,415**

8. Horton incorporates and re-alleges paragraphs 1 through 7.

9. On March 18, 1997, U.S. Patent No. 5,611,415 entitled "Rotational Control Apparatus" ("the '415 patent") was duly and legally issued to assignee Horton. A true and correct copy of the '415 patent is attached as Exhibit A to the Complaint.

10. Horton is the owner by assignment of the entire right, title, and interest in and to the '415 patent with the right to sue for past, present, and future infringement of the '415 patent.

11. Upon information and belief, Concepts has been and is making, using, selling, offering for sale, and/or importing, without license or authority from Horton, in this district and elsewhere in the United States, clutch components that embody the invention(s) claimed in the '415 patent, and has been and is infringing the '415 patent under 35 U.S.C. §271.

12. Horton has provided notice to Concepts regarding the infringing nature of its activities with respect to the '415 patent.

13. Upon information and belief, Concepts will continue to directly infringe, contributorily infringe, and/or induce infringement of the '415 patent unless enjoined by the Court.

14. Upon information and belief, Horton has been damaged by Concepts' infringement of the '415 patent, and will continue to be damaged by that infringement unless enjoined by this court.

15. Upon information and belief, Concepts has actual knowledge of the full contents of the '415 patent, and its prior and continuing infringement of the '415 patent was and is willful and deliberate.

## COUNT II:  INFRINGEMENT OF U.S. PATENT NO. 6,838,796

16. Horton incorporates and re-alleges paragraphs 1 through 15.

17. On January 4, 2005, U.S. Patent No. 6,838,796 entitled "Two-Speed Rotational Control Apparatus With Eddy Current Drive" ("the '796 patent") was duly and legally issued to assignee Horton.  A true and correct copy of the '796 patent is attached as Exhibit B to the Complaint.

18. Horton is the owner by assignment of the entire right, title, and interest in and to the '796 patent with the right to sue for past, present, and future infringement of the '796 patent.

19. Upon information and belief, Concepts has been and is making, using, selling, offering for sale, and/or importing, without license or authority from Horton, in this district and elsewhere in the United States, clutch components that embody the invention(s) claimed in the '796 patent, and has been and is infringing the '796 patent under 35 U.S.C. §271.

20. Horton has provided notice to Concepts regarding the infringing nature of its activities with respect to the '796 patent.

21. Upon information and belief, Concepts will continue to directly infringe, contributorily infringe, and/or induce infringement of the '796 patent unless enjoined by the Court.

22. Upon information and belief, Horton has been damaged by Concepts' infringement of the '796 patent, and will continue to be damaged by that infringement unless enjoined by this court.

23. Upon information and belief, Concepts has actual knowledge of the full contents of the '796 patent, and its prior and continuing infringement of the '796 patent was and is willful and deliberate.

## COUNT III:  INFRINGEMENT OF U.S. PATENT NO. 5,613,586

24. Horton incorporates and re-alleges paragraphs 1 through 23.

25. On March 25, 1997, U.S. Patent No. 5,613,586 entitled "Rotational Control Apparatus" ("the '586 patent") was duly and legally issued to assignee Horton.  A true and correct copy of the '586 patent is attached as Exhibit C to the Complaint.

26. Horton is the owner by assignment of the entire right, title, and interest in and to the '586 patent with the right to sue for past, present, and future infringement of the '586 patent.

27. Upon information and belief, Concepts has been and is making, using, selling, offering for sale, and/or importing, without license or authority from Horton, in this district and elsewhere in the United States, clutch components that embody the invention(s) claimed in the '586 patent, and has been and is infringing the '586 patent under 35 U.S.C. §271.

28. Horton has provided notice to Concepts regarding the infringing nature of its activities with respect to the '586 patent.

29. Upon information and belief, Concepts will continue to directly infringe, contributorily infringe, and/or induce infringement of the '586 patent unless enjoined by the Court.

30. Upon information and belief, Horton has been damaged by Concepts' infringement of the '586 patent, and will continue to be damaged by that infringement unless enjoined by this court.

31. Upon information and belief, Concepts has actual knowledge of the full contents of the '586 patent, and its prior and continuing infringement of the '586 patent was and is willful and deliberate.

### COUNT IV:  INFRINGEMENT OF U.S. PATENT NO. 5,636,719

32. Horton incorporates and re-alleges paragraphs 1 through 31.

33. On June 10, 1997, U.S. Patent No. 5,636,719 entitled "Rotational Control Apparatus" ("the '719 patent") was duly and legally issued to assignee Horton. A true and correct copy of the '719 patent is attached as Exhibit D to the Complaint.

34. Horton is the owner by assignment of the entire right, title, and interest in and to the '719 patent with the right to sue for past, present, and future infringement of the '719 patent.

35. Upon information and belief, Concepts has been and is making, using, selling, offering for sale, and/or importing, without license or authority from Horton, in this district and elsewhere in the United States, clutch components that embody the invention(s) claimed in the '719 patent, and has been and is infringing the '719 patent under 35 U.S.C. §271.

36. Horton has provided notice to Concepts regarding the infringing nature of its activities with respect to the '719 patent.

37. Upon information and belief, Concepts will continue to directly infringe, contributorily infringe, and/or induce infringement of the '719 patent unless enjoined by the Court.

38. Upon information and belief, Horton has been damaged by Concepts' infringement of the '719 patent, and will continue to be damaged by that infringement unless enjoined by this court.

39. Upon information and belief, Concepts has actual knowledge of the full contents of the '719 patent, and its prior and continuing infringement of the '719 patent was and is willful and deliberate.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Horton, prays for the following relief:

a. That Concepts, its officers, agents, servants, employees and attorneys, and all persons in active concert or participation with them be found to have infringed the valid U.S. Patent No. 5,611,415, and be enjoined, preliminarily and permanently, from making, using, selling, offering for sale or importing into the United States products and components which infringe U.S. Patent No. 5,611,415;

b.   That Concepts, its officers, agents, servants, employees and attorneys, and all persons in active concert or participation with them be found to have infringed the valid U.S. Patent No. 6,838,796, and be enjoined, preliminarily and permanently, from making, using, selling, offering for sale or importing into the United States products and components which infringe U.S. Patent No. 6,838,796;

c.   That Concepts, its officers, agents, servants, employees and attorneys, and all persons in active concert or participation with them be found to have infringed the valid U.S. Patent No. 5,613,586, and be enjoined, preliminarily and permanently, from making, using, selling, offering for sale or importing into the United States products and components which infringe U.S. Patent No. 5,613,586;

d.   That Concepts, its officers, agents, servants, employees and attorneys, and all persons in active concert or participation with them be found to have infringed the valid U.S. Patent No. 5,636,719, and be enjoined, preliminarily and permanently, from making, using, selling, offering for sale or importing into the United States products and components which infringe U.S. Patent No. 5,636,719;

e.   That Horton be compensated by Concepts for the damages caused by Concepts' infringement of U.S. Patent No. 5,611,415 patent under 35 U.S.C. §284, in an amount to be determined by an accounting, but not less than a reasonable royalty, plus interest;

f.   That Horton be compensated by Concepts for the damages caused by Concepts' infringement of U.S. Patent No. 6,838,796 under 35 U.S.C. §284, in an amount to be determined by an accounting, but not less than a reasonable royalty, plus interest;

  g.  That Horton be compensated by Concepts for the damages caused by Concepts' infringement of U.S. Patent No. 5,613,586 under 35 U.S.C. §284, in an amount to be determined by an accounting, but not less than a reasonable royalty, plus interest;

  h.  That Horton be compensated by Concepts for the damages caused by Concepts' infringement of U.S. Patent No. 5,636,719 under 35 U.S.C. §284, in an amount to be determined by an accounting, but not less than a reasonable royalty, plus interest;

  i.  That the award of damages for infringement of U.S. Patent No. 5,611,415 be trebled as provided for by 35 U.S.C. §284 for willful infringement by Concepts;

  j.  That the award of damages for infringement of U.S. Patent No. 6,838,796 be trebled as provided for by 35 U.S.C. §284 for willful infringement by Concepts;

  k.  That the award of damages for infringement of U.S. Patent No. 5,613,586 be trebled as provided for by 35 U.S.C. §284 for willful infringement by Concepts;

  l.  That the award of damages for infringement of U.S. Patent No. 5,636,719 be trebled as provided for by 35 U.S.C. §284 for willful infringement by Concepts;

  m.  That Horton be awarded its costs and attorneys' fees incurred in prosecuting this exceptional case, as provided for by 35 U.S.C. §285, plus interest; and

  n.  That Horton be awarded such other relief as the Court deems just and proper.

## JURY DEMAND

Horton demands a jury trial on all issues so triable.

HORTON, INC.

Dated: 12/8/08             By: *[signature]*
David R. Fairbairn (28,125)
Alan M. Koenck (268,926)
Austen P. Zuege (330,267)
KINNEY & LANGE, P.A.
The Kinney & Lange Building
312 South Third Street
Minneapolis, MN  55415-1002
(612) 339-1863

**ATTORNEYS FOR PLAINTIFF**