## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Horton, Inc., | |
| Plaintiff, | Civil Action No. 08-cv-6292-JMR-AJB |
| v. | |
| Concepts ETI, Inc., | **DEFENDANT CONCEPTS ETI, INC.'S ANSWER AND COUNTERCLAIM FOR DECLARATORY RELIEF** |
| Defendant. | |
| | **JURY TRIAL DEMANDED** |

Defendant Concepts ETI, Inc. ("Concepts") answers the Complaint of Plaintiff Horton, Inc. ("Horton") as follows:

### THE PARTIES

1.      Concepts is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2.      Concepts admits the allegations contained in paragraph 2 of the Complaint.

3.      Concepts admits the allegations contained in paragraph 3 of the Complaint.

### JURISDICTION AND VENUE

4.      Concepts admits that the Complaint purports to allege patent infringement. Except as specifically admitted herein, Concepts denies the allegations contained in paragraph 4 of the Complaint.

5.      Concepts admits the allegations contained in paragraph 5 of the Complaint.

6.      Concepts admits that the Court has personal jurisdiction over Concepts.  Concepts admits that it transacts business throughout the United States and within the State of Minnesota. Except as specifically admitted herein, Concepts denies the allegations contained in paragraph 6

of the Complaint.

7.       Concepts admits the allegations contained in paragraph 7 of the Complaint.

### COUNT I: INFRINGEMENT OF U.S. PATENT NO. 5,611,415

8.       Concepts incorporates herein its answers to paragraphs 1 through 7 of the Complaint.

9.       Concepts admits that the United States Patent and Trademark Office issued United States Patent No. 5,611,415 ("the '415 patent") on March 18, 1997 and that a copy of the '415 patent is attached to the Complaint.  Except as specifically admitted herein, Concepts denies the allegations contained in paragraph 9 of the Complaint.

10.      Concepts is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

11.      Concepts denies the allegations contained in paragraph 11 of the Complaint.

12.      Concepts admits that Concepts received a letter from Kinney & Lange P.A. dated July 10, 2008 stating that "Concepts NREC fan clutch products, such as the 'H5200' 2-Speed Fan Drive kit (Part nos. 6514-142-22), infringe one or more claims of each of U.S. Patent Nos. 6,838,796 and 5,611,415."  Except as specifically admitted herein, Concepts denies the allegations contained in paragraph 12 of the Complaint.

13.      Concepts denies the allegations contained in paragraph 13 of the Complaint.

14.      Concepts denies the allegations contained in paragraph 14 of the Complaint.

15.      Concepts denies the allegations contained in paragraph 15 of the Complaint.

### COUNT II: INFRINGEMENT OF U.S. PATENT NO. 6,838,796

16.      Concepts incorporates herein its answers to paragraphs 1 through 7 of the Complaint.

17.     Concepts admits that the United States Patent and Trademark Office issued United States Patent No. 6,838,796 ("the '796 patent") on January 4, 2005 and that a copy of the '796 patent is attached to the Complaint.  Except as specifically admitted herein, Concepts denies the allegations contained in paragraph 17 of the Complaint.

18.     Concepts is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint.

19.     Concepts denies the allegations contained in paragraph 19 of the Complaint.

20.     Concepts admits that Concepts received a letter from Kinney & Lange P.A. dated July 10, 2008 stating that "Concepts NREC fan clutch products, such as the 'H5200' 2-Speed Fan Drive kit (Part nos. 6514-142-22), infringe one or more claims of each of U.S. Patent Nos. 6,838,796 and 5,611,415."  Except as specifically admitted herein, Concepts denies the allegations contained in paragraph 20 of the Complaint.

21.     Concepts denies the allegations contained in paragraph 21 of the Complaint.

22.     Concepts denies the allegations contained in paragraph 22 of the Complaint.

23.     Concepts denies the allegations contained in paragraph 23 of the Complaint.

**COUNT III: INFRINGEMENT OF U.S. PATENT NO. 5,613,586**

24.     Concepts incorporates herein its answers to paragraphs 1 through 7 of the Complaint.

25.     Concepts admits that the United States Patent and Trademark Office issued United States Patent No. 5,613,586 ("the '586 patent") on March 25, 1997 and that a copy of the '586 patent is attached to the Complaint.  Except as specifically admitted herein, Concepts denies the allegations contained in paragraph 25 of the Complaint.

26.     Concepts is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 26 of the Complaint.

    27.    Concepts denies the allegations contained in paragraph 27 of the Complaint.

    28.    Concepts denies the allegations contained in paragraph 28 of the Complaint.

    29.    Concepts denies the allegations contained in paragraph 29 of the Complaint.

    30.    Concepts denies the allegations contained in paragraph 30 of the Complaint.

    31.    Concepts denies the allegations contained in paragraph 31 of the Complaint.

### COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 5,636,719

    32.    Concepts incorporates herein its answers to paragraphs 1 through 7 of the Complaint.

    33.    Concepts admits that the United States Patent and Trademark Office issued United States Patent No. 5,636,719 ("the '719 patent") on June 10, 1997 and that a copy of the '719 patent is attached to the Complaint.  Except as specifically admitted herein, Concepts denies the allegations contained in paragraph 33 of the Complaint.

    34.    Concepts is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint.

    35.    Concepts denies the allegations contained in paragraph 35 of the Complaint.

    36.    Concepts denies the allegations contained in paragraph 36 of the Complaint.

    37.    Concepts denies the allegations contained in paragraph 37 of the Complaint.

    38.    Concepts denies the allegations contained in paragraph 38 of the Complaint.

    39.    Concepts denies the allegations contained in paragraph 39 of the Complaint.

### AFFIRMATIVE DEFENSES

    40.    Concepts asserts the following affirmative defenses to the Complaint.  By asserting a defense, Concepts does not concede that Concepts has the burden of proving the

defense asserted.

41.     Concepts and its products have not infringed, either literally or under the doctrine of equivalents, either directly or indirectly, any claim of the '415 patent, the '796 patent, the '586 patent or the '719 patent.  Concepts had not contributed to any infringement by others, nor actively induced others to infringe, any claim of the '415 patent, the '796 patent, the '586 patent or the '719 patent.

42.      Horton is estopped, by virtue of the scope of the prior art and by the prosecution of the '415 patent, the '796 patent, the '586 patent and the '719 patent, from asserting infringement by Concepts.

43.     Some or all of the claims of the '415 patent, the '796 patent, the '586 patent and the '719 patent are invalid for failure to comply with one or more of the requirements for patentability specified in 35 U.S.C. §§ 102, 103 or 112.

44.     Concepts reserves all other affirmative defenses that may now exist or in the future may become available based on discovery and further factual investigation, including but not limited to inequitable conduct.

## COUNTERCLAIM

1.     Concepts asserts the following counterclaim against Horton and alleges as follows:

## THE PARTIES

2.     Counterclaimant Concepts is a corporation organized and existing under the laws of the State of Vermont, and has a principal place of business at 217 Billings Farm Road, White River Junction, VT 05001.

3.     Upon information and belief, Counterdefendant Horton is a corporation organized

and existing under the laws of the State of Minnesota, and has a principal place of business at

2625 Walnut Street, Roseville, MN 55113.

### JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this counterclaim pursuant to 28

U.S.C. §§ 1331 and 1338 (a), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

5.      Upon information and belief, this Court has personal jurisdiction over Horton by

reason of Horton having its principal place of business in Minnesota.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391.

### COUNTERCLAIM FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY

7.      Concepts incorporates herein the allegations of paragraphs 1-6 of this

Counterclaim.

8.      Horton has filed suit against Concepts for alleged infringement of the '415 patent,

the '796 patent, the '586 patent and the '719 patent.

9.      Concepts does not and has not infringed any claim of the '415 patent, the '796

patent, the '586 patent or the '719 patent.

10.     Some or all of the claims of the '415 patent, the '796 patent, the '586 patent and

the '719 patent are invalid for failure to comply with one or more of the requirements for

patentability specified in 35 U.S.C. §§ 102, 103 or 112.

11.     An actual controversy exists between Concepts and Horton.

12.     On information and belief, Horton has asserted the '415 patent, the '796 patent,

the '586 patent and the '719 patent against Concepts knowing that those patents are invalid and

having no reasonable basis for claiming infringement by Concepts or for claiming that Concepts

has induced infringement of those patents, making Horton's suit exceptional within the meaning

of 35 U.S.C. § 285.

## **PRAYER FOR RELIEF**

Concepts respectfully requests:

1.      That the Court dismiss the Complaint with prejudice on the merits;

2.      That the Court determine and declare that Concepts has not and does not infringe, contributorily infringe, or infringe by inducement any claim of the '415 patent, the '796 patent, the '586 patent or the '719 patent;

3.      That the Court determine and declare that the claims of the '415 patent, the '796 patent, the '586 patent and the '719 patent are invalid;

4.      That the Court award Concepts its costs, attorneys' fees and litigation expenses incurred in this action pursuant to 35 U.S.C. § 285 or any other applicable basis;

5.      That the Court award Concepts any other relief that the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(d), Concepts hereby demands a trial by jury for all issues so triable that are raised herein or which hereinafter may be raised in this action.

Dated:  January 12, 2009                FISH & RICHARDSON P.C.


                                        By:  s/ Geoff D. Biegler
                                             Michael E. Florey (#214322)
                                             florey@fr.com
                                             Geoff D. Biegler (#386563)
                                             biegler@fr.com
                                             3300 RBC Plaza
                                             60 South Sixth Street
                                             Minneapolis, MN 55402
                                             Telephone:  (612) 335-5070
                                             Facsimile:  (612) 288-9696

                                        Attorneys for Defendant
                                        Concepts, Inc.


60545568.doc